IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   1:25-CR-234 (AMN) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **ANJA SALAMACK,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

### United States' Sentencing Memorandum

The United States of America (or "Government"), by the United States Attorney for the Northern District of New York, respectfully asks that the Court sentence the defendant to 57 months in prison, to be followed by a 3-year term of supervised release including the special conditions recommended by the Probation Office, and to impose agreed-upon restitution in the amount of $163,639.58.

On June 24, 2025, pursuant to a plea agreement, the defendant pled guilty to an eight-count information. Counts 1 through 5 each charged distribution and dispensation of a controlled substance outside the usual course of professional practice and without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Counts 6 through 8 each charged health care fraud, in violation of 18 U.S.C. § 1347.

The defendant is scheduled to be sentenced on October 22, 2025. She is not in custody.

**1.   Factual Background**

The United States adopts the facts as set forth in the Presentence Investigation Report ("PSIR," dkt. no. 19) prepared by the United States Probation Office. PSIR ¶¶ 4, 10-28. The

defendant, formerly an Albany resident, was a psychiatric nurse practitioner who resided in Florida but claimed to be practicing in Albany.

The defendant pled guilty to health care fraud for submitting false and fraudulent claims to health care benefit programs in New York State for health care services that she never provided, e.g. psychotherapy services, and evaluation and management services; she caused $163,639.58 in losses.

The defendant also pled guilty to unlawful drug distribution (also known as drug diversion), for issuing prescriptions for the controlled substance amphetamine (e.g. Adderall) for non-medical purposes and outside the usual course of professional practice.  For instance, from November 2018 to May 2023, the defendant regularly prescribed amphetamine in the name of a person who had not been her patient since 2016. The defendant issued these prescriptions (108 in total) at the request of a relative of the former patient.

In a separate civil settlement agreement, the defendant admitted that she submitted claims to Medicare for psychotherapy services that were not rendered.  She also admitted that she used $48,670 in Provider Relief Funds (PRF) for impermissible purposes. The PRF was money that the Coronavirus Aid, Relief, and Economic Security Act had allocated to healthcare providers to pay for costs associated with the COVID-19 pandemic. The defendant agreed to pay $188,850 to resolve her False Claims Act liability.

**2.   Statutory Maximum Punishments and Supervised Release**

**Counts 1 through 5**

Maximum term of imprisonment: 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

Maximum fine:  $1 million, pursuant to 21 U.S.C. § 841(b)(1)(C).

**Counts 6 through 8**

Maximum term of imprisonment: 10 years, pursuant to 18 U.S.C. § 1347.

Maximum fine: $250,000 pursuant to 18 U.S.C. § 3571(b).

**All Counts**

Supervised release term: In addition to imposing any penalty, the court must require the defendant to serve a term of supervised release of at least 3 years and up to life, to begin after imprisonment. *See* 21 U.S.C. § 841(b)(1)(C).

3. **Sentencing Guidelines Application**

   3.1   Offense Level

The Government agrees with the Sentencing Guidelines calculation set forth in the PSIR, resulting in an offense level of 25. *See* PSIR ¶¶ 32-54.

   3.2   Criminal History Category

The United States adopts the PSIR's conclusion that the defendant's criminal history category is I based on zero criminal history points. PSIR ¶¶ 55-61.

   3.3   Imprisonment Guidelines Range and Appeal Waiver

The Sentencing Guidelines advise that the defendant receive a term of 57-71 months in prison. PSIR ¶ 76. The defendant has waived her right to appeal and collaterally attack any term of imprisonment of 60 months or less. Id. ¶ 8.

4. **Sentencing Recommendation**

The United States asks that the Court sentence the defendant to 57 months in prison, to be followed by a 3-year term of supervised release including the special conditions recommended by the Probation Office, and to impose restitution in the amount of $163,639.58 (which she has already paid). The recommended term of imprisonment, at the low end of the Guidelines range,

would be sufficient and not greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a), including the need for the sentence to reflect the nature, circumstances and seriousness of the offenses, and the history and characteristics of the defendant; the need to punish the defendant; the need to promote respect for the rule of law and protect the community; the need to deter drug-dealing medical care providers who abuse their authority to write unlawful prescriptions for controlled substances; the need to deter medical care providers from engaging in fraudulent billing practices; and the need for the defendant to participate in mental health treatment.

The defendant occupied a position of public trust — a state-licensed psychiatric nurse practitioner tasked with treating patients. She exploited that public trust for illicit personal gain, committing crimes over the course of years that defrauded the healthcare system and diverted controlled substances. From Florida, she submitted over $160,000 in fraudulent claims for services she never provided to New York State residents. As troubling was her role in diverting controlled substances. Over a five-year span, she repeatedly issued prescriptions for amphetamine — powerful, addictive stimulants — to individuals with no legitimate medical relationship to her. For instance, she wrote 108 prescriptions in the name of a former patient who hadn't seen her since 2016, all at the request of a third party. This wasn't a one-time lapse in judgment — it was a sustained abuse of her prescribing authority.

The government respectfully asks the Court to impose a term of imprisonment that reflects the seriousness of the offenses, promotes respect for the law, and deters others in positions of trust from engaging in similar misconduct.

***

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c). Further, the United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 7th day of October, 2025.

> JOHN A. SARCONE III
> Acting United States Attorney
>
> By: /s/ Michael Barnett
>
> Michael Barnett
> Assistant United States Attorney
> Bar Roll No. 519140